

**FILED**
9/4/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

QR

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. |
| v. | Violation: Title 18, United States Code, Section 1343 |
| MARK BENES | |

### COUNT ONE

The SPECIAL JUNE 2024 GRAND JURY charges that:

1. At times material to this indictment:

   a. Defendant MARK BENES owned and operated Sugar and Spice Foods, a limited liability company organized in the state of Illinois.

   b. BENES solicited and received funds from investors, including through Sugar and Spice Foods.

   c. BENES held a bank account at MCL Credit Union for which BENES was the sole signatory.

   d. BENES held a bank account at BMO Harris for which BENES was a co-signatory with his spouse.

   e. Victim A resided in Downers Grove, Illinois.

   f. Victim B resided in Grayslake, Illinois.

2. Beginning in or around August 2021 and continuing through in or around December 2024, in the Northern District of Illinois, Eastern Division, and elsewhere,

1

MARK BENES,

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that BENES fraudulently solicited, obtained, and retained funds from victims, including Victims A and B, as an investment based on false representations about the intended use of the investment funds, and the performance and value of the investment.

4. It was further part of the scheme that BENES executed an agreement with victims, including Victims A and B, whether written or verbal, wherein he agreed to repay the entirety of victims' investments with an added return within a specified period of time, when he knew he did not have the capability to do so.

5. It was further part of the scheme that BENES told victims that victims' funds would be invested for victims' benefit, knowing that he intended to and did use some of the investment funds for his own personal use, such as to repay existing debts to others and for personal expenses, including gambling and other investments.

6. It was further part of the scheme that BENES knowingly misrepresented and knowingly omitted material facts to victims concerning what he had done with victims' investments, including false statements and omissions

regarding whether those funds had been invested at all and how those funds had been invested or used, to conceal his misappropriation of victims' investments.

7. It was further part of the scheme that defendant BENES attempted to lull victims into a false sense of security by making false statements and omitting materials facts meant to conceal his misappropriation of victims' investments, including by submitting fake purchase orders to victims.

8. It was further part of the scheme that BENES misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence, purpose, and acts done in furtherance of the scheme.

9. As a result of the scheme, BENES fraudulently misappropriated approximately $520,000 from victims, including Victims A and B.

10. On or about November 18, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARK BENES,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transfer of $45,000, from Victim A's bank account into a bank account held by BENES at MCL Credit Union;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL JUNE 2024 GRAND JURY further charges that:

1. The allegations in paragraphs 1 through 9 of Count One are incorporated here.

2. On or about November 16, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARK BENES,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an email sent from BENES in Illinois to Victim A in Illinois, through a Yahoo server located outside of Illinois, which included an attachment containing a fake purchase order;

In violation of Title 18, United States Code, Section 1343.

## **COUNT THREE**

The SPECIAL JUNE 2024 GRAND JURY further charges that:

1. The allegations in paragraphs 1 through 9 of Count One are incorporated here.

2. On or about June 8, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARK BENES,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transfer of $18,000, from Victim B's bank account into a bank account held by BENES at BMO Harris;

In violation of Title 18, United States Code, Section 1343.

## **FORFEITURE ALLEGATION**

The SPECIAL JUNE 2024 GRAND JURY alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in this indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. The property to be forfeited includes, but is not limited to, a personal money judgment in the amount of approximately $520,000.00.

3. If any of the property described above, as a result of any act or omission by the defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
Signed by Jason A. Yonan on behalf of the
UNITED STATES ATTORNEY

6